UNITED STATES v. PERRY.

SAME v. LELAND.

(Circuit Court, S. D. New York. October 27, 1904.)

Nos. 3,505, 3,507.

1. CUSTOMS DUTIES—CLASSIFICATION—STATUARY—STATUTES IN PIECES.

The provision in paragraph 454, Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1678], for statuary produced from "a solid block or mass of marble," etc., is not limited to statuary made from single blocks, and is *held* to include certain statues, each carved from three solid blocks of marble.

On Application for Review of Decisions of the Board of General Appraisers.

The decisions in question reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Perry, Ryer & Co. and Wirt Leland. The following is the opinion of the board in one of the decisions in question (G. A. 5,571, T. D. 25,986):

WAITE, General Appraiser. The articles subject of this protest are two marble statues or caryatids from 150 to 200 years old, representing a faun and Flora, the net value of the two pieces being 3,000 francs. It is not disputed that the articles are of Italian production. The goods were assessed for duty at 50 per cent. ad valorem as manufactures of marble under paragraph 115 of the tariff act of July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1636], and are claimed to be dutiable at 15 per cent. ad valorem as "statuary," within the meaning of paragraph 454 of said act, Schedule N, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1678], and the reciprocal commercial agreement with Italy, July 18, 1900, 31 Stat. 1979, made pursuant to Act July 24, 1897, c. 11, § 3, 30 Stat. 203 [U. S. Comp. St. 1901, p. 1690].

We find from the evidence, including verified photographs of the statues in question, that they are the professional productions of a sculptor, within the meaning of paragraph 454 of the act, as construed by the courts and the board. In re Vandegrift, G. A. 5,501, T. D. 24,822; In re Bing, G. A. 5,196, T. D. 23,955; Townsend v. United States (C. C.) 108 Fed. 801, affirmed by the Circuit Court of Appeals, 113 Fed. 442, 51 C. C. A. 276.

A further question arises from the fact that the statues are each of three pieces, and were in all probability each sculptured from three separate blocks of marble for convenience in handling, the figures being about eight feet in height. It is necessary to determine whether these works are made from "a solid block" of marble, within the meaning of the clause in paragraph 454 defining the term "statuary" wherever used in the act, which reads as follows:

"454. * * * The term 'statuary' as used in this act shall be understood to include only such statuary as is cut, carved, or otherwise wrought by hand from a solid block or mass of marble, stone, or alabaster, or from metal, and as is the professional production of a statuary or sculptor only."

Many of the best statues, especially those of heroic size, are executed from more than one piece of marble, and a construction which produces the inequitable result of excluding such productions from the comparatively low rate of duty on statuary is to be avoided if possible. It is very probable that the purpose of the qualifying expression, "cut, carved, or otherwise wrought by hand from a solid block or mass of marble, stone," etc., was to restrict paragraph 454 to statuary made from solid marble, stone, etc., as distinguished from statuary made from composition stone or similar materials by molding. To admit under its provisions statuary made from more than one solid block of marble would not defeat this object. Such an interpretation is, we think,

rather in harmony with the spirit of the law, and accords with the elementary principle of statutory construction that singular expressions in a statute may include the plural, and vice versa. Endlich on Interp. of Stats. § 388. We believe it should be adopted as the more reasonable construction. The board is now of opinion that its decision in Re Joseph, G. A. 1,191, T. D. 12,453, where the contrary view was taken, is erroneous, and should be overruled.

The protest is accordingly sustained, and the collector's decision reversed, with instructions to reliquidate the entry accordingly.

Henry A. Wise, Asst. U. S. Atty.

Frederick W. Brooks, for the importers.

HAZEL, District Judge. Judgment affirmed on the decisions of the Board of General Appraisers.

---

UNITED STATES v. ACKER, MERRALL & CONDIT (two cases).

UNITED STATES v. HOLTZ & FREYSTEDT.

(Circuit Court, S. D. New York. October 28, 1904.)

Nos. 3,571, 3,581, 3,602.

1. CUSTOMS DUTIES—STORAGE OF MERCHANDISE DETAINED BY GOVERNMENT.

The expense for storage of imported merchandise during its detention by order of the Secretary of the Treasury, pending an inspection and analysis by the Department of Agriculture, under the provisions of the so-called "Pure Food Law" of March 3, 1903, c. 1008, 32 Stat. 1157 [U. S. Comp. St. Supp. 1903, p. 373], should be borne by the government, and not the importer.

On Application for Review of Decisions of the Board of General Appraisers.

These proceedings were instituted by the United States, and the decisions in question cover merchandise imported at the port of New York by Acker, Merrall & Condit and Holtz & Freystedt. The questions at issue appear from the opinion (per Hay, General Appraiser) filed by the board in one of the cases in controversy, as follows (G. A. 5,689, T. D. 25,331):

"This protest raises the question as to the legality of a charge for storage, imposed by the collector upon an importer, upon certain wine detained by order of the Secretary of the Treasury until the purity of the wine could be established by the Department of Agriculture under the provisions of the act of March 3, 1903, c. 1008, 32 Stat. 1157 [U. S. Comp. St. Supp. 1903, p. 373]. This act is one of the regular appropriation bills, and the item in question is that which makes an appropriation for the Bureau of Chemistry of the Department of Agriculture. The appropriation is for the sum of $85,300. Among the other items stated in the act, for which this appropriation is to provide, is the following:

" 'To investigate the adulteration of food, drugs, and liquors, when deemed by the Secretary of Agriculture advisable; and the Secretary of Agriculture, whenever he has reason to believe that articles are being imported from foreign countries which by reason of such adulteration are dangerous to the health of the people of the United States, or which are forbidden to be sold or restricted in sale in the countries in which they are made or from which they are exported, or which shall be falsely labeled in any respect in regard to the place of manufacture of the contents of the package, shall make a request upon the Secretary of the Treasury for samples from original packages of such articles for inspection and analysis; and the Secretary of the Treasury